CHARNAS LAW FIRM, PC

455 E. 51ST Street
NEW YORK, NY 10022
Tel 212 980 6800
Fax 212 980 1871

> By separate order, this case is referred to Magistrate Judge Wang for general pretrial. Judge Wang will address this motion, and any other matters regarding discovery. The post-discovery conference scheduled for July 30, 2021 is hereby adjourned *sine die*.
>
> SO ORDERED.
>
> _____
> Hon, Ronnie Abrams
> July 21, 2021

Honorable Ronnie Abrams
U.S. District Court, Southern District of New York
40 Foley Square, Room 2203
New York, NY 10007

Re:   *Kragulj v. Cortes, D.D.S., Galella, D.D.S., et al*, No. 1:20-cv-08390-RA;
        Letter-Motion re instructions not to answer at deposition

Dear Judge Abrams:

Pursuant to Local Civil Rule 37.2 and your Individual Practices, plaintiff's counsel now requests a conference to resolve disputes regarding defense counsel's instructions not to answer certain questions at the July 7, 2021 deposition of defendant Dr. Steve Galella. Plaintiff's counsel met and conferred telephonically with defense counsel, Alan Fumuso, on July 19, 2021 at about 9:30 am, but was unable to resolve the dispute. Plaintiff seeks to compel the defendant Steve Galella. D.D.S. to appear at the continuation of his deposition and answer questions concerning or relating to the claims of dental malpractice (Count III) and negligent product design (Count IV) against him, which claims are included in the Second Amended Complaint.

Rule 30(c)(2) of the Fed.R.Civ.Pro Rule states, "*Objections.* An objection at the time of the examination—whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition—must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."

It is plaintiff's position that Dr. Galella consulted with Dr. Martha Cortes (co-defendant and plaintiff's direct treating dentist) as to plaintiff's care and treatment. Plaintiff further claims that this consultation may establish a dentist-patient relationship between plaintiff and Dr. Galella. *See*, e.g., *Campbell v. Haber,* 274 A.D.2d 946, 710 N.Y.S.2d 495 (4th Dept.2000); and *Tom v. Sundaresan*, 107 A.D.3d 479, 966 N.Y.S.2d 434 (1st Dept.2013). As evidence of such consulting, plaintiff's counsel introduced an exhibit at the deposition, previously disclosed in response to a Request for Production, that included a text message dated October 12, 2018, from Dr. Cortes, to plaintiff, which read as follows:

> "Hello Boja Dr Galella loved your case! And that slight angulation - he said that was nothing .. he and I have similar opinions. He thought- your case had the most pronounced changes. Smiles"

In addition, at deposition plaintiff's counsel played portions of an audiotape that Dr. Cortes

Honorable Ronnie Abrams
July 20, 2021
Page 2

surreptitiously recorded in October 2018. This recording, previously produced in discovery, was of a meeting in Tennessee between Drs. Galella and Cortes. Plaintiff's position is that Dr. Cortes can be heard on that tape referring to a patient that has a history identical to plaintiff, that the tape captured the playing of another tape by Dr. Cortes at that meeting, and on that tape-within-a-tape can be heard plaintiff's voice, as well as Dr. Cortes saying, "Boja, where is it?"[1]

      Counsel for Dr. Galella and counsel for Dr. Cortes objected to any questions asked of Dr. Galella that they claimed bore on Dr. Cortes' malpractice. They disparaged the assertions of plaintiff's counsel that it was plaintiff's voice on the tape-within-a-tape, that Dr. Cortes said plaintiff's name as described, and that there was any foundation for any malpractice claim against Dr. Galella. Plaintiff's counsel was accused of, essentially, attempting to force Dr. Galella to criticize the treatment and judgment of Dr. Cortes through the back door of a non-existent claim of malpractice against Dr. Galella. Citing the New York state case of *Carvalho v. New Rochelle Hospital*, 53 A.D.2d 635, 384 N.Y.S.2d 508 (2d Dept.1976), counsel for Dr. Galella instructed his client to refuse to answer various questions pertaining to the allegations of malpractice against him, as well as certain questions regarding product design of the subject Anterior Growth Guidance Appliance ("AGGA"), or "Osseo-Restore" appliance. In the absence of any privilege, however, or any possible violation of an order limiting the scope of the deposition, the instruction not to answer was wholly improper.

      *Carvalho* holds that, "In an action for malpractice brought against more than one physician, one defendant physician may not be examined before trial about the professional quality of the services rendered by a codefendant physician if the questions bear **solely** on the alleged negligence of the codefendant and not on the practice of the witness." (*Emphasis added*). Assuming *Carvalho* even applies in federal court[2], the questions plaintiff's counsel sought to ask Dr. Galella bear on his own malpractice and/or the product liability claims against him and other defendants-and not solely, if at all, to the claim against Dr. Cortes. Plaintiff's counsel inquired, for example, regarding Dr. Galella's observations of an October 2018 intraoral photo of plaintiff, taken around when he allegedly approved continued use of AGGA to obtain an additional 2 mm of maxilla advancement or growth. He also questioned whether plaintiff's condition in that photograph, and later photographs, is consistent with the design goals of AGGA product, or whether it represents misuse or failure of the product or something else. Here is a sampling of the questions that defense counsel Fumuso instructed defendant Dr. Galella not to answer:

    Q.    Dr. Galella, I'm showing you Exhibit 7. I'm representing to you, as I have before, that this is a photograph taken October 23rd, 2018, and is part of Dr. Cortes' records in regard to my client. Do you detect any

---

[1] Plaintiff's counsel informed defense counsel at the deposition that plaintiff Boja Kragulj would submit an affidavit stating that it was her voice on the tape-within-a-tape, and that she clearly heard Dr. Cortes say, with a common mispronunciation of her name, "Boja, where is it?". Plaintiff would also submit an affidavit stating that the history of the patient discussed by Dr. Cortes in the tape is identical to her history.
[2] Plaintiff submits that whether *Carvalho* is procedural or substantive does not have to be determined by this Court, as it is inapplicable here in any event.

2

Honorable Ronnie Abrams
July 20, 2021
Page 3

        angulation in the anterior maxillary teeth?
            -Deposition (suspended) of Dr. Steve Galella, p. 133

- Q. Let me show you Exhibit 7, image 0079. Do you have that on the screen, Doctor?
- A. Yes.
- Q. Now, take a look at that image and tell me if what you see is consistent with the design goals of the Osseo-Restore or Osseo-Restoration Device?
        -Deposition (suspended) of Dr. Steve Galella, p. 139-140
- Q. Just making sure. Let me ask another question your lawyer is probably not going to let you answer, but I need to ask it. Do you agree that the gingival recession and root exposure seen in Exhibit 7 indicate that new bone is not being deposited at the interior of the alveolar bone?
        -Deposition (suspended) of Dr. Steve Galella, p. 161-162
- Q. Now, I'm going to pose to you a hypothetical and I'm going to suggest that the person who is depicted in photograph 0082 was wearing an Osseo-Restore Device from January 25th, 2018, until at least the date of this picture, October 23rd, 2018. Is there anything that you see in this photograph which is inconsistent with the design goals of the Osseo-Restoration Device?
        -Deposition (suspended) of Dr. Steve Galella, p. 162-163

Additionally, there was one question that Dr. Galella's attorney refused to allow him to answer, on the ground that he found it irrelevant: "Q. Can you tell us approximately how much you made in 2017 and 2018 from this royalty [from sales of AGGA's] or fee agreement?" Deposition (suspended) of Dr. Steve Galella, p. 200.

Plaintiff's counsel intended to inquire of Dr. Galella concerning his advice to Dr. Cortes concerning plaintiff's care and treatment, his observations made of plaintiff through photographs or scans that showed her condition at the time he gave that advice, whether her condition at various times was consistent with the design goals of the AGGA appliance, the amount of money he's made from the AGGA appliance, and other questions concerning Dr. Galella's alleged malpractice and negligent design of the subject product. Defense counsel's instructions not to answer were improper and unjustified, and worked to unfairly impede discovery in violation of Rule 30(c)(2). Plaintiff's counsel asks this Court to allow him to continue the deposition of Dr. Galella, for the purpose of engaging in the lines of questioning referenced in this paragraph.

        Sincerely,
        ___/s/ SEC_____
        Scott E. Charnas

**CERTIFICATE OF SERVICE**

I hereby certify that this document will be sent this day, July 20, 2021, to counsel of record through the ECF system.     _/s/ SEC/_____
        Scott E. Charnas