UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
BOJA KRAGULJ,

                Plaintiff,

             -against-

MARTHA CORTES, D.D.S., STEVE GALELLA, D.D.S., ORTHOMATRIX CORP., INC., FACIAL BEAUTY INSTITUTE, JOHN'S DENTAL LABORATORY, INC.,

                Defendants.

-----------------------------------------------------------x

20-CV-08390 (RA) (OTW)

**ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of the parties' agenda for the status conference scheduled for January 5, 2022. (ECF 117). The January 5, 2022 conference is adjourned *sine die*. In lieu of the conference, this Order clarifies the scope of Defendant Galella's deposition, resolving the first issue in ECF 117, and sets a briefing schedule for the second and third issues in ECF 117.

Defendant Galella's Deposition

Defendant Galella's deposition shall go forward under the following conditions:

- Plaintiff may depose Defendant Galella for an additional **five hours** at a **date and time to be agreed among the parties**. Failure to reasonably schedule and proceed with Galella's deposition in a timely manner may result in sanctions and/or apportionment of costs for the deposition and such subsequent motion practice, consistent with Federal Rules of Civil Procedure 37(a)(5).

- Five days before the deposition, Plaintiff's counsel is directed to send Galella's counsel the photographs and documents Plaintiff's counsel intends to use at the deposition, if they have not been previously produced in discovery.

- The Court does not place any other restrictions on the deposition that are more restrictive than the Federal Rules of Civil Procedure; objections will be governed by Fed. R. Civ. P. 30(c)(2).

- Plaintiff's counsel may ask:

    o Questions to which defense counsel previously objected, and upon which Galella was instructed not to answer, including any questions that flow naturally therefrom; and

    o **Any questions within the scope of the Federal Rules of Civil Procedure that bear on the claims and defenses in this action against Defendant Galella, including but not limited to questions about (i) Galella's individual malpractice, (ii) products liability, and (iii) money Galella made off of the AGGA product.**

As the parties recall, this Court ordered Galella to produce, over Galella's objection, five cases of individuals that Galella believes shows proof of efficacy of the AGGA device. (ECF 110 at 2). The scope of Defendant Galella's deposition **includes but is not limited to** questions about the five cases Galella's counsel was ordered to produce. Plaintiff requested this information in her initial requests for production. *See* ECF 69 (citing RPD No. 23) ("Please provide the **complete documentary basis** for your opinion or conclusion . . . that [] AGGA was safe and efficacious . . . .") (emphasis added).[1] Galella's counsel improperly withheld this documentation and initially produced nothing. (ECF 69 at 3). Defendant Galella nevertheless testified that he possessed evidence, including x-rays, CBCTs, scans or films, "among other things," that prove AGGA's efficacy. (ECF 80 (Galella's Deposition Transcript) at 87:9-14). Only after Galella's testimony did Galella's counsel produce *any* documents related to this request.

---

[1] Galella's counsel claims that Plaintiff's counsel "erroneously conflates 'documents', which he asked for in his RPD and which he received with approximately 40 literature references, with 'non-litigant patient treatment records' which were never requested." (ECF 112 at 3.) It is the Court's understanding that Plaintiff's counsel sought "the complete documentary basis" for Defendant Galella's assertion (ECF 69 at 3), which would include the case studies to which Galella testified.

2

(ECF 69 at 3). Defendant Galella's testimony, and Galella's counsel's insufficient production that followed, prompted Plaintiff's counsel to file a motion to compel Galella to produce the clinical proof upon which Galella testified he relied. (ECF 69). The Court, at the November 4, 2021 conference, granted Plaintiff's motion to compel by, *inter alia*, ordering Defendant to produce a subset of these clinical materials. (ECF 110 at 2). Now, Galella's counsel incredulously seeks clarification of the scope of Defendant Galella's deposition because Plaintiff's counsel intends to question Galella on "discovery materials which have yet to be exchanged."[2] (ECF 112 at 2). Such behavior smacks of bad faith.

---

[2] At the November 4, 2021 conference, I ordered Defendant Galella to produce these materials by December 6, 2021. (ECF 110 at 2).

3

Alleged Spoliation and Re-Deposition

By Friday, January 14, 2022, Defendants are directed file letter briefs, no longer than 3 single-spaced pages (not including exhibits), setting forth the factual and legal support for their requested relief. Any Defendant that does not file a letter brief shall file a letter stating whether they join in the requested relief. Failure to timely file a letter brief requesting relief or indicating joinder in the relief shall be deemed a waiver of that request for relief. Plaintiff's opposition shall be filed by January 28, 2022. The parties are directed to review the full text of Fed. R. Civ. P. 37(a)(5) in considering whether to proceed with the proposed motion(s).

The Clerk of Court is respectfully directed to close ECF 69.

_s/ Ona T. Wang_

Dated: January 5, 2022
New York, New York

**Ona T. Wang**
United States Magistrate Judge